UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Timothy Gamradt and
Carla Gamradt,

Plaintiff,

vs. MINUTE ORDER

Federal Laboratories, Inc.,
Mace Securities International,
and Defense Technology
Corporation of America,

Defendants. Civ. No. 02-816 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 31st day of March, 2003.

* * *

The Plaintiffs seek an Order which would extend the discovery schedule so as to allow them to take the depositions of certain employees at the Federal Correctional Institution at Sandstone, Minnesota ("F.C.I., Sandstone"). Deeming oral argument unnecessary, we have considered the Plaintiffs' Motion for an extension on their papers, and upon the written objection of the Defendant Defense Technology Corporation of America ("Defense Technology") -- of the other parties has responded to the Plaintiffs' Motion. For these purposes, the Plaintiffs appear by Andrew Engebretson, Esq., and Defense Technology appears by Steven W. Schneider, Esq. For

MAR 3 1 2003

23

reasons which follow, we deny the Motion to Extend as without a proper showing of good cause.

By Order dated August 29, 2002, we issued a Pretrial Schedule which set April 15, 2002, as the deadline for discovery. This deadline was consistent with the parties' proposed Pretrial Order. According to the Plaintiffs, that deadline needs to be extended because the Department of Justice has denied their request to interview the employees at F.C.I., Sandstone. In actuality, the Plaintiffs' interests, and attempts, to interview and/or depose the referenced employees has a lengthy history dating back to, at least, October 17, **2001.** In a letter dated October 25, 2001, a representative of the Department of Justice informed the Plaintiffs that "**[e]mployees at FCI Sandstone will not be authorized to provide testimony with-out authorization from the U.S. Attorney's Office.**" [Emphasis in original]. Subsequently, by letter dated November 2, 2001, Plaintiffs' counsel was informed, by an Assistant United States Attorney, for this District, that "your request will not be authorized at this time."

Thereafter, the Plaintiffs served a Freedom of Information Act ("FOIA") request, which prompted the Federal Bureau of Prisons to release some fifteen pages of materials to the Plaintiffs by letter dated January 2, 2002. In addition, it appears that the Plaintiffs renewed their request to interview prison staff, with the United

States Attorney for this District on January 4, 2002, April 17, 2002, and February 11, 2003. No interviews were forthcoming, however. This action was commenced on April 17, 2002. During the pendency of this litigation, there is no showing that the Plaintiffs have served a Subpoena on any of the proposed interviewees, or deponents, and no Motion has been filed with this Court to effectuate the discovery that the Plaintiffs' have long considered.

We have long held, consistent with the provisions of Rule 16(b), Federal Rules of Civil Procedure, that our pretrial "**Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rule 16.3.**" See, Pretrial Schedule of August 29, 2002, at p. 1 [emphasis in original]; see also, Fabio v. Credit Bureau of Hutchinson, Inc., 210 F.R.D. 688, 691 (D. Minn. 2002)("The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension."), quoting Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting, in turn, Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-82 (D. Minn. 1999). Eighth Circuit holdings are not to the contrary. See, Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001); In re Milk Products Antitrust Litigation, 195 F.3d 430, 437-38 (8th Cir. 1999), cert. denied sub nom. Rainy Lake One Stop, Inc. v. Marigold Foods, Inc.,

529 U.S. 1038 (2000). Here, the Plaintiffs offer no showing of good cause why they could not have noted the depositions in question within the time available for discovery without an extension. Accordingly, we deny the Plaintiffs' Motion.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiffs' Motion to Amend the Scheduling Order [Docket No. 19] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE