UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Timothy Gamradt and Carla Gamradt, husband and wife,

Plaintiffs,

vs. REPORT AND RECOMMENDATION

Federal Laboratories, Inc., Mace Securities International, and Defense Technology Corporation of America,

Defendants. Civ. No. 02-816 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 3rd day of October, 2003.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' Motions to Exercise Supplemental Jurisdiction, and for Discovery Sanctions. A Hearing on the Motions was conducted on August 28, 2003, at which time, the Defendant Defense Technology Corporation of America ("Defense Technology") appeared by Steven W. Schneider, Esq., and the Plaintiffs Timothy and Carla Gamradt appeared by Andrew Engebretson, Esq.[1] For reasons which follow, we

[1]Previously, the claims against the Defendants Federal Labora-
(continued...)

FILED OCT - 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

recommend that the Plaintiffs' Motions for Supplemental Jurisdiction, and for Discovery Sanctions, be denied.[2]

## II. Factual and Procedural History

This is a products liability action, which is based upon our diversity jurisdiction, which arose when the Plaintiffs suffered injuries, purportedly arising from the detonation of a smoke grenade during a training exercise at the Federal Prison Camp in Duluth, Minnesota, on June 2, 1998. The Plaintiffs allege that the smoke grenade, assertedly manufactured by Defense Technology, failed to contain adequate warning labels, which cautioned that the device was not for indoor use. A detailed recounting of the factual background is unnecessary to our disposition of the Motions and, therefore, we turn to the merits of those Motions.

## III. Discussion

### A. The Plaintiffs' Motion to Exercise Supplemental Jurisdiction.

This Motion is better characterized as a Motion to Amend the pleadings, or to add parties. Supplemental jurisdiction, under

---

[1](...continued)
tories, Inc., and Mace Securities International, were dismissed. See, Docket No. 37 [Federal Laboratories, Inc.]; Docket No. 30 [Mace Securities International].

[2]As we subsequently detail, properly framed, the Plaintiffs' Motions are nondispositive in nature. Nonetheless, we express our determinations as recommendations, in deference to the District Court which referred these matters for recommended dispositions.

Title 28 U.S.C. §1367, is often used as a tool to address State law claims, over which a Federal Court would not have original jurisdiction. Here, the Plaintiffs seek to add a party, Armor Holdings, Inc. ("AHI"), as a Defendant in the claim being brought against Defense Technology. The Plaintiffs have not filed a separate claim against AHI, that could be brought under an assertion of supplemental jurisdiction. In fact, a Federal Court would have original jurisdiction over such a claim, based on diversity of citizenship, which would render supplemental jurisdiction unnecessary.[3] Furthermore, the Plaintiffs included an Amended Complaint in their Motion, thus reinforcing our conclusion that this Motion is better addressed as one to amend the pleadings, or to add parties, and we frame the issue presented as such.

1. Standard of Review. Rule 15(a), Federal Rules of Civil Procedure, provides as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

[3]We also note that Defense Technology's Motion for Summary Judgment was granted, by the District Court, the Honorable James M. Rosenbaum, Chief Judge presiding, on September 2, 2003. Pursuant to Title 28 U.S.C. §1367(c)(3), a District Court "may decline to exercise supplemental jurisdiction * * * [if] the district court has dismissed all claims over which it has original jurisdiction." However, the Plaintiffs have filed a Motion to Vacate the Judgment, which has not been resolved as of our issuance of this Report and Recommendation.

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasons -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

However, where, as here, the deadline for the amendment of pleadings has expired, the propriety of the Motion for leave to amend "is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American S.S. Co., 167 F.R.D. 75, 77 (D. Minn. 1996). The requirements of Rule 16(b), Federal Rules of Civil Procedure, have been described as follows:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mentioning therefore, that "carelessness is not com-

> patible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., [178 F.R.D. 523], at 525 [(D. Minn. 1998)].

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).[4]

Our Court of Appeals has reiterated that Rule 16(b) provides the appropriate standard as to Motions to Amend that arise after the deadline for such motions has expired, by stating:

> It is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings, add additional parties and to similarly control the pace of litigation. See, e.g., Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir. 1999), cert. denied, 531 U.S. 837, 121 S.Ct. 176, 148 L.Ed.2d 121 (2000); Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir. 1996). As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we

[4]Local Rule 16.3 serves to reinforce the need for a party to show good cause, when seeking to extend the deadline for amending the pleadings. The Advisory Committee Notes to Local Rule 16.3 explain that the Rule is "* * * intended to discourage modifying pretrial schedules unless good cause has been shown." Local Rule 16.3, Advisory Committee Notes.

> do not take case management orders lightly, and will enforce them. In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999), cert denied sub nom. Rainy Lake One Stop, Inc. v. Marigold Foods, Inc., 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000).

Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).

As was expressed, in Rouse v. Farmers State Bank of Jewell, 866 F.Supp. 1191, 1198 (N.D. Iowa 1994):

> A scheduling order is an important tool in controlling litigation. Jochims v. Isuzu Motors, Ltd., 145 F.R.D. 507, 510 (S.D. Iowa 1992). A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). Scheduling Orders have become increasingly critical to the district court's case management responsibilities because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars." Id.

The Court also observed that "the flouting of discovery deadlines causes substantial harm to the judicial system." Id., citing Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990). Accordingly, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American S.S. Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, supra at 1199.

2. Legal Analysis. Our Pretrial Schedule plainly stated that "all Motions which seek to amend the pleadings or add parties

must be filed and the Hearing thereon completed on or before **November 15, 2002.**" Pretrial Schedule, at 2. The Plaintiffs' Motion was filed on June 11, 2003. Thus, the Motion is abjectly untimely.[5]

Since the Plaintiffs' Motion was filed after the deadline set by this Court in our Pretrial Schedule, it is analyzed under Rule 16(b), Federal Rules of Civil Procedure, which requires a showing of "good cause," and diligence, by the Plaintiffs. As noted, the Plaintiffs seek to add AHI as a Defendant, because it is the parent corporation of Defense Technology. Of course, since the Plaintiffs construe their Motion as one to invoke supplemental jurisdiction, they do not specifically address the showing of "good cause" which is necessary to amend their Complaint. However, the Plaintiffs do assert that they brought this Motion, at this time, because of Defense Technology's responses to their discovery requests, which were received by the Plaintiffs on May 14, 2003, and which revealed that it "was not a party to the transaction by which Armor Holdings, Inc., acquired the [Defense Technology Corporation of America,] Wyoming." Plaintiffs' Memorandum in Support of Their Motion

[5]In addition, our Order provided that "all nondispositive Motions shall be filed and the Hearing thereon completed prior to **May 15, 2003.**" Pretrial Schedule, at 2. Thus, even if this Motion were analyzed as a Motion to Exercise Supplemental Jurisdiction, it would still be starkly untimely.

to Invoke Supplemental Jurisdiction, at 2. The Plaintiffs claim that, in order to receive satisfactory Answers to their discovery requests, AHI needs to be joined as a party-Defendant. Id.

Attached to the Affidavit of Andrew Engebretson, which was appended to this Motion, is a printout from AHI's website, which is dated March 17, 2003, and which states that AHI acquired Defense Technology in October of 1996. In addition, Defense Technology filed a disclosure, pursuant to Rule 7.1, Federal Rules of Civil Procedure, on January 3, 2003, [Docket No. 18], which identified AHI as its parent corporation. The disclosure reveals that the corporate acquisition occurred sufficiently in the past, that the Plaintiffs, through due diligence, could, and should, have discovered that fact prior to any deadlines set by our Pretrial Schedule.

Further, the specific Requests for Admission, in response to which Defense Technology asserted that it was not a party to the sales transaction at issue, were not served, by the Plaintiffs, until April 11, 2003. See, Plaintiffs' Motion for Discovery Sanctions, Affidavit of Andrew Engebretson, at 2. Of course, that date was nearly one month after March 17, 2003 -- that is, the date on the Internet printout -- was over three months after the Rule 7.1 Disclosure Statement, and was only four days prior to the discovery deadline of April 15, 2003. See, Pretrial Schedule, at 2 ("The

period during which the parties may conduct discovery shall terminate on **April 15, 2003.**")[emphasis in original].

Had the Plaintiffs exercised due diligence, they would have discovered the transaction, between AHI and Defense Technology Corporation of America, sufficiently early as to meet the deadlines set by this Court. Thus, the Plaintiffs have failed to establish an exercise of due diligence on their part, and they do not otherwise demonstrate good cause to modify our Scheduling Order so as to remand this case to its infancy. Therefore, we recommend that the Plaintiffs' Motion be denied.

B. The Plaintiffs' Motion for Discovery Sanctions.

The Plaintiffs also seek sanctions under Rule 37(b)(2), Federal Rules of Civil Procedure. However, Rule 37(b)(2) only applies to a party's failure to comply with an Order. Since the Plaintiffs have never filed a Motion to Compel, we have never issued an Order on the matter now submitted, and therefore, sanctions under Rule 37(b)(2) are inappropriate. However, in their Memorandum accompanying their Motion, the Plaintiffs also suggest that the Court "could simply direct Defendant to give satisfactory answers within a defined period of time." See, Plaintiffs' Memorandum in Support of Their Motion for Discovery Sanctions, at 2. As a result, we indulgently construe the Motion as one to compel discovery, under Rule 37(a), Federal Rules of Civil Procedure. As to Defense

Technology, it argues, in part, that not only have the Plaintiffs failed to comply with the deadline for bringing nondispositive Motions, but they have also attempted to serve discovery beyond the discovery deadline established in this case. Since their Motion is untimely, we apply the same standard of review as we have previously detailed.

Our Pretrial Schedule requires that "all nondispositive Motions shall be filed and the Hearing thereon completed prior to **May 15, 2003.**" Pretrial Schedule, at 2 [emphasis in original]. The Plaintiffs' Motion was filed on June 11, 2003, and, because the Motion involves the same discovery requests, which relate to the transaction between AHI and Defense Technology (Wyoming), our previous findings as to the absence of good cause, and diligence, on the Plaintiffs' part also apply.

The Plaintiffs assert that, having not received any discovery response from Defense Technology, they attempted to resolve the problem informally, by contacting counsel for Defense Technology, before filing their Motion. As Defense Technology notes, however, even that effort was not made until May 20, 2003 -- after the nondispositive motion deadline had already passed. See, Defendant's Memorandum in Opposition to Plaintiffs' Motion for Discovery Sanctions, at 4, 7. Had the Plaintiffs exercised due diligence, they would have discovered the transaction, which occurred in

October of 1996, at least according to the Internet printout, long before the deadlines for discovery, and for nondispositive Motions, had elapsed.

Additionally, our Pretrial Schedule states that "[t]he period during which the parties may conduct discovery shall terminate on **April 15, 2003** * * *, and "[n]o further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown." Defense Technology correctly notes that the deadline plainly means that all discovery, including its responses to discovery, were to be completed by April 15, 2003, or the discovery was untimely. It asserts that, since some of these Interrogatories and Requests were filed on March 17, 2003, and the remainder were filed on April 11, 2003, it would not have had to submit Answers until April 16, 2003, and May 12, 2003, respectively, which both exceeded the allowable date of April 15, 2003. We agree, and find no obligation, on Defense Technology's part, to respond to untimely discovery requests.

We also note, as Defense Technology has, that the discovery requests, which were served on March 17, 2003, were the first ones served upon it. See, Defendant's Memorandum in Opposition to Plaintiffs' Motion for Discovery Sanctions, at 3. The fact that the Plaintiffs waited so long to initiate discovery underscores their lack of due diligence. Since we recommend that the Plain-

tiffs' Motion to Compel be denied as untimely, both in submitting discovery requests and in filing this Motion, we also recommend that the Plaintiffs' Motion for Discovery Sanctions be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiffs' Motion to Exercise Supplemental Jurisdiction, construed as a Motion to Amend [Docket No. 39] be denied.

2. That the Plaintiffs' Motion to Compel Discovery and Impose Sanctions [Docket No. 42] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Federal Rule of Civil Procedure 6[a], D. Minn. LR1.1[f], and D. Minn. LR72.1[c][2], any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 20, 2003**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Fail-

ure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of the Hearing by no later than **October 20, 2003**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.