UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Timothy Gamradt and Carla Gamradt,

Plaintiffs,

v. 26(a)(1) DISCLOSURE

Federal Laboratories, Inc., et al.,

Defendants. Case No. 02-816 (JMR/RLE)

---

COME NOW the Plaintiffs and for their Rule 26(a)(1) Disclosure state and show to the Court as follows:

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the Plaintiffs may use to support their claims:

Timothy Gamradt
1079 East County Road 102
Wrenshall, MN 55797
(218) 384-9311.
Facts of occurrence; nature, extent and impact of injuries.

Carla Gamradt
1079 East County Road 102
Wrenshall, MN 55797
(218) 384-9311
Nature, extent and impact of injuries.

Duane T. Cisar
Rt. #1
Askov, MN 55704
(320) 838-3765
Facts of accident.

Lt. Allen Glen
Sandstone F.C.I.
(320) 245-3134
Facts of accident.
(now transferred to a federal correctional institution in Pennsylvania)

William Morgan
Sandstone F.C.I.
(320) 245-3134
Origin of smoke grenade in question/facts of accident.

Thomas F. Mulrooney, M.D.
Minnesota Lung Center
920 East 28th Street, Suite 700
Minneapolis, MN 55407
Nature, extent and impact of injuries, Plaintiff Timothy Gamradt's present attending physician.

Mark Stang, M.D.
Minnesota Lung Center
920 East 28th Street, Suite 700
Minneapolis, MN 55407
Nature, extent and impact of injuries, Plaintiff Timothy Gamradt's attending physician.

James Broz
5207 Mount Arapaho Circle
Longmont, CO 80504-5533
(303) 774-8105
Former employee of Defense Technology
Identification of smoke grenade
Continuity of D.T.F. operations before and after sale.

Ryan D. Sallee
674 Thornton Street
Liberty, MO 64068
No phone listed
Former employee of Defense Technology
Continuity of operations before and after 09/30/96, possible identification of smoke grenade.

Kathleen Ruth Coleman
429 West 13th Street
Casper, WY 82601
(307) 235-4829
Former employee of Defense Technology
Continuity of operations before and after 09/30/96, possible identification of smoke grenade.

Bruce P. English
205 East 11th Street
Casper, WY 82601
(307) 235-6361
Former employee of Defense Technology
Continuity of operations before and after 09/30/96, possible identification of Smoke grenade.

James Coberly
8940 Hopi Street
Casper, WY 82601
(307) 235-2149
Former employee of Defense Technology
Continuity of operations before and after 09/30/96, possible identification of smoke grenade.

Rodney Dean Doepke
52 Poppy Street
Casper, WY 82604
(307) 472-7118
Former employee of Defense Technology
Continuity of operations before and after 09/30/96, possible identification of smoke grenade.

Rick Rogers
Rogers' Investigative Services
100 North Center, Suite 401
Casper, WY 82601
(307) 577-0926
Custodian of pre-1996 catalogs of D.T.F., investigator.

(B) Copies of or a description of by category and location of all documents and other tangible material in the possession of the party and which the party may use to support his claim herein.

1. After Action Report, Federal Correction Institution.
2. Memo of G.L. Hershberger to Donald Romine.
3. Federal Employee's Notice of Traumatic Injury and claim for compensation.
4. Medical records and reports as follows:
    a. Packet A: Minnesota Lung Center records for visit of 09/30/2004
    b. Letter of Dr. Mulrooney, dated 05/20/2003.
    c. Packet B: Minnesota Lung Center records for period 03/01/2001 through 01/08/2003.
    d. Letter of Dr. Grundmanis, dated 03/11/2001.

e. Intake record and results of respiratory evaluation, Minnesota Lung Center of 02/28/2001.
f. Letter of Dr. Grundmanis 10/28/1999.
g. Intake record and results of respiratory tests of Minnesota Lung Center of 10/14/1999.
h. Letter of Dr. Grundmanis of 03/25/1999.
i. Letter of Dr. Grundmanis of 08/26/1998, with the test results of respiratory tests.
j. Letter of Dr. Grundmanis of 07/17/1998.
k. Chart note of Park Nicollet Clinic of 04/23/1999.
l. Report of work ability of Silver Lake Clinic.
m. Prescription forms of Silver Lake Clinic

5. Communications by Department of Labor Workers' Compensation Office to Plaintiff Timothy L. Gamradt as follows:
   a. Letter of 11/15/2001.
   b. Copy of printout showing medical paid in the sum of $22,568.29 (not current).
   c. Copy of printout of Pharmaceutical's paid through 12/17/1998 only, $2,635.84 (not current).
   d. Calculation of four week compensation benefit as of 02/22/2000.

6. Copy of published report of Vida v. Defense Technologies Corporation of America, et al., 330 N.J. Super. 225(2000).

7. Copy of Defense Technology Corporation of America catalog revised 02/1995 showing photo of type of can identified by Timothy Gamradt as involved in incident along with data relating to the black smoke canister on the 98 canister, a picture of which is shown.

8. Benefit statement from U.S. Department of Labor.

9. Copy of benefit check.

10. Copy of log of Pharmaceuticals purchased for care of injury from 10/22/2004 through 01/26/2005 for a total of $2,182.89.

11. Certified copy of asset purchase agreement between Defense Technology Corporation of America (Wyoming) and, Inter Alia, Defense Technology Corporation of America (Delaware). Certified copy previously furnished to defense counsel for copying; not hereto attached by reason of bulk.

(C) Computation of any category of damages:

Based on computer printouts furnished by the Department of Labor to Plaintiffs counsel in mid-October 2004, $42,422.33 had been paid in medical to which must be

added the Pharmaceuticals of at least $2,182.89 incurred through January 5, 2005. At the time of the accident Plaintiff Timothy Gamradt's weekly wage was in the amount of $657.60. In round numbers since the time of the accident approximately 351 weeks have elapsed so that the gross wage loss now amounts to about $230,817.60. Compensation paid as of mid-October came to a net figure of $121,532.65 to which we should add the sum of $836.09 times the five months elapsed since the printout was furnished so that the compensation figure should now stand at $125,716.10. The sum of $125,716.10 should be deducted from $230,817.60 to give us a wage loss, after compensation is paid, of $105,101.50. But then Plaintiff became re-employed as a jail officer in Carlton County in November 2001 at a wage of $604.00 per week. There are about 176 weeks since so that the replacement wages now fully offset the uncompensated wage loss. However this does not take into account wage increases which Plaintiff might have received as a federal employee. Medical and wage compensation are subject to the federal government's subrogation rights.

(D) Insurance agreement not applicable to Plaintiff.

(E) Not applicable to this matter.

Respectfully submitted,

s/ Andrew Engebretson______________
Andrew Engebretson, No. 26797
300 Beal Building
5 North Third Avenue West
Duluth, MN 55802
(218) 786-0565