**Silver Lake Clinic, P.A.**

3900 Stinson Bvd. N.E. • Minneapolis, MN 55421 (612) 706-4999

4625 Churchill Street • Shoreview, MN 55126 (612) 766-2000

# Report of Work Ability

Please TYPE or PRINT

*The information on this form must be provided to the employee.*

NOTE TO EMPLOYEE: YOU MUST PROMPTLY PROVIDE A COPY OF THIS REPORT TO YOUR EMPLOYER OR WORKER'S COMPENSATION INSURER, AND TO YOUR QUALIFIED REHABILITATION CONSULTANT (QRC) IF YOU HAVE ONE.

Employee Name GAMRADT, TIMOTHY LEE

Social Security # 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 Date of Injury 1-12-95.

Insurer Name

Claim No. Employer Name U.S. DEPT. of JUSTICE BU. P.

**WORK RELATED?** ☒ Yes ☐ No ☐ Unknown

DIAGNOSIS: [illegible]

Date of most recent examination by this office: 6 / 13 / 98 (month / day / year)

*Select the appropriate option(s) below and fill in the applicable dates.*

1) Patient is able to work without restrictions as of 6 / 18 / 94 (month / day / year)

2) Patient is able to work with restrictions, from ___ / ___ / ___ to ___ / ___ / ___ (month / day / year)

3) Patient is unable to work at all, from ___ / ___ / ___ to ___ / ___ / ___ (month / day / year)

**LIMITATIONS (UNRESTRICTED UNLESS MARKED)**

| | Not at all | Up to 3 hr | Up to 5 hrs | Up to 8 hrs |
|---|---|---|---|---|
| Bend | ☐ | ☐ | ☐ | ☐ |
| Squat / Kneel | ☐ | ☐ | ☐ | ☐ |
| Trist / Turn | ☐ | ☐ | ☐ | ☐ |
| Walk / Stand | ☐ | ☐ | ☐ | ☐ |
| Reach above shoulders | ☐ | ☐ | ☐ | ☐ |
| Reach below knees | ☐ | ☐ | ☐ | ☐ |

Hand/Wrist restrictions:

☐ No vibrating tools
☐ No course manipulation
☐ No heavy grasping
☐ One-handed work only

Lift/Carry ___ 0 lbs ___ 1-10 lbs ___ 11-25 lbs ___ 26-50 lbs

☐ Keep the injury site clean and dry ☐ Sight impaired, no driving ☐ No operating machinery or balance

☒ Other Complete PFT [illegible]

☐ Medication

The next scheduled visit at this clinic is: ☐ As Needed or Date: ___ month / day / year

☐ Referred to other provider (name and specialty)

☐ Referred to physical therapy (name and date)

Indicate length of prescribed therapy:

☐ No further clinic visits at this time

Certified by me, a licensed/registered ___ (give degree/profession) Health Care Provider in the State of ___ on ___ month / day / year

Provider signature [signature]

Name (type or print) ___ License or registration ___

Address: ___ Phone #: ___

☐ Gerald D. Jensen, M.D. ☐ Michael R. Stoesz, M.D.

**SILVER LAK CLINIC, P.A.**
3900 Stinson Blvd., N.E. • Minneapolis, MN 55421 • 788-9251
4625 Churchill St • Shoreview, MN 55126 • 481-0818

G. D. Jensen, M.D.
M.R. Stoesz, M.D.
D. L. Spencer, M.D.
Pat Loew, P.A.C.

G.A. Pitzl, M.D.
L. B. Stoesz-Eldridge, M.D.
Lisa Netten-Foster, P.A.C.
Cynthia Ulshafer, P.A.C.

C. J. Goodwin, M.D.
Leslie G. Norton, M.D.
Bev Kimball P.A.C.

For Tim Gandrault Date 6/18/98

Address

℞ Miconazole Cream 1%

Sig: Apply to rash bid

50 gm

Refill ______ Times
☒ Generic
☒ No Refill
☐ Refill 1 Year

[signature] M.D.

**SILVER LAK CLINIC, P.A.**
3900 Stinson Blvd., N.E. • Minneapolis, MN 55421 • 788-9251
4625 Churchill St • Shoreview, MN 55126 • 481-0818

G. D. Jensen, M.D.
M.R. Stoesz, M.D.
D. L. Spencer, M.D.
Pat Loew, P.A.C.

G.A. Pitzl, M.D.
L. B. Stoesz-Eldridge, M.D.
Lisa Netten-Foster, P.A.C.
Cynthia Ulshafer, P.A.C.

C. J. Goodwin, M.D.
Leslie G. Norton, M.D.
Bev Kimball P.A.C.

For Tim Gandrault Date 6/18/98

Address

℞ Ventolin MDI

Sig: ii puffs prior to physical exertion, repeat q 4° prn

Refill 1 Times
☒ Generic
☐ No Refill
☐ Refill 1 Year

[signature] M.D.

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
230 S DEARBORN 8TH FLOOR
CHICAGO IL 60604
Phone: (312) 596-7157

November /, 2001

Date of Injury: 06/02/1998
Employee: Timothy Gamradt

Timothy L. Gamradt
1079 East County Rd 102
Wrenshall, MN 55797

Dear Mr. Gamradt:

You have recently been re-employed as a jailer for Carlton County with base wages of $14.93 per hour or $597.20 per week. You have indicated that you alternate between earning $12.40 and $14.80 every two week pay period. The amount of "regular other" pay you earn averages $6.80 per week. So, in total, you earn an average of $604.00 per week as a jailer for Carlton County. You are noted to have begun working full time in this position on 06/06/01.

The duties of your new position reflect the work tolerance limitations established by the weight of medical evidence in your file. The pertinent limitations of the position are listed in paragraph 3 below. Your training, education, and work experience have also been considered in determining the suitability of this job. A copy of the position description, including the physical requirements of this job, is described below:

- An employee in this position is responsible for guarding inmates in penal or rehabilitative institution in accordance with established regulations and procedures. May guard prisoners in transit between jail, courtroom, prison, or other point, traveling by automobile or public transportation. Include deputy sheriffs who spend the majority of their time guarding prisoners in county correctional institutions.

The physical requirements of the position include the following:

- Bending/stooping, squatting, reaching above the shoulder, crouching, kneeling, balancing, pushing/pulling, twisting, and carrying up to 50 pounds on an occasional basis
- During a 12 hour shift, you spend 1/3 of your time sitting, 1/3 of your time standing, and 1/3 of your time walking
- Use of both hands is required for simple grasping, firm grasping, and fine manipulation

The physical requirements of the position you accepted adheres to the restrictions as advised by Dr. Joan Fox per a report dated 04/28/99 which are as follows:

- Pushing, pulling and climbing limitations dependent on speed required and load.
- Dr. Fox has noted that your work injury has resulted in changes to your respiratory system which diminish your capacity to perform in extremes of temperature, in environments with airborne particles, and in environments with gas/fumes. Your physical capabilities are noted to be diminished in such environments.

In accordance with the provisions of 5 U.S.C. 8106 and 5 U.S.C. 8115, we have adjusted your compensation. Your compensation payments are based on 66 2/3 percent (no dependents) or 75 percent (one or more dependents) of the difference between your pay rate as determined for compensation purposes and your ability to earn wages in your new position, as shown on page 3.

Except as noted below, whenever the evidence in your file indicates that you are no longer disabled because of your injury, this Office will send you a copy of that evidence and provide you an opportunity to comment on it or to submit other evidence supporting your entitlement, before a decision is made to terminate compensation.

However, you should be aware that the payment of compensation will be terminated without such notice whenever this office is notified that you have earnings equal to or higher than the wages being paid for the job you held when injured.

A description of your appeal rights is attached.

Sincerely,

Michael S. McCalley
Claims Examiner

Certified By,

Karen Payne
Senior Claims Examiner

Enclosures: Computation of Wage Earning Capacity
Important Information sheet
Appeal Rights

US DEPARTMENT OF JUSTICE
BUREAU OF PRISONS
FEDERAL CORRECTIONAL INSTITUTE
ATTN: INJURY COMP SPECIALIST
SANDSTONE, MN 55072

Andrew Engebretson
Attorney at Law
Beal Building, Ste. 300
5 North Third Ave. West
Duluth, MN 55802

Computation of Compensation

1. Weekly pay rate: $657.63
2. Adjusted earning capacity in new position: $558.98
3. Loss in earning capacity per week: $98.65
4. Weekly compensation rate: $73.99
5. Increased by applicable cost-of-living adjustments to: $78.50
6. New compensation rate each four weeks: $314.00
7. Less Health Benefits Premium: $161.82
8. Less Optional Life Insurance Premium: $11.10
9. Net compensation each four weeks: $141.08
10. Beginning date of new rate: 11/04/01
11. First check at new rate: $141.08
12. Period covered by first check: 11/04/01 to 12/01/01

IMPORTANT INFORMATION

PLEASE READ THE FOLLOWING CAREFULLY AND RETAIN FOR YOUR REFERENCE

You are advised that receipt of OWCP benefits for loss of wage-earning capacity and receipt of an annuity from OPM constitutes a dual benefit. If you receive such benefits from OPM, you should so advise this office immediately. You will be asked to make an election between the two benefits.

If you are receiving or have filed for Social Security disability benefits, please contact your local Social Security Office about your compensation payments.

You are required to report to this office on your employment whenever you are requested by the OWCP to do so. If you obtain or now have a job (including self-employment) and you have not notified this office, you must notify us at once. Give the name and address of your employer, the type of work, the inclusive dates of employment, and your weekly rate of pay.

Except as noted below, whenever the evidence in your file indicates that you are no longer disabled because of your injury, the Office will send you a copy of that evidence and provide you an opportunity to comment on it or to submit other evidence supporting your entitlement, before a decision is made to terminate compensation.

However, you should be aware that the payment of compensation will be terminated without such notice whenever this office is notified that you have earnings equal to or higher than the wages being paid for the job you held when injured.

Notify this office promptly in writing of any change of address as well as any change in the status of your dependents.

FEDERAL EMPLOYEES' COMPENSATION ACT APPEAL RIGHTS

READ THIS NOTICE CAREFULLY AND SPECIFY CLEARLY WHICH PROCEDURE YOU WISH TO REQUEST: HEARING (WRITTEN OR ORAL); RECONSIDERATION; OR APPEALS BOARD REVIEW. You may not request two forms of appeal at the same time. Be sure to send your request to the right address.

HEARING: If your injury occurred on or after July 4, 1966 and you have not requested reconsideration, as described below, you may request an oral hearing before an OWCP representative. Such a request must be made in writing, within 30 days after the date of this decision, as determined by the postmark of your letter. At an oral hearing you will be given the opportunity to present oral testimony and written evidence in further support of your claim. The hearing will be informal and will be held at a location in your area. You may be represented at the hearing by any person authorized by you in writing.

If your injury occurred on or after July 4, 1966, and you have not requested reconsideration, you may instead request an examination of the written record by a hearing representative appointed by the Director. This examination must be requested within 30 days of the date of this decision. You will not be asked to attend or give oral testimony, but you may submit additional written evidence. You will have this review instead of an oral hearing. Any additional written evidence you want to submit must be sent with your request for review.

To protect your right to a hearing, the request for oral hearing or review of the written record must be sent to the Branch of Hearings and Review, Office of Workers' Compensation Programs, P. O. Box 37117, Washington, D. C. 20013-7117. Any request for a hearing (written or oral) must be made before any request for reconsideration by the District Office (5 U.S.C. 8124(b)(1)). You will have the right to request reconsideration or appeal of the hearing representative's decision if you disagree with it.

RECONSIDERATION: If you have additional evidence which you believe is pertinent, you may request, in writing, that OWCP reconsider this decision. Such a request must be made within one year of the date of the decision, clearly state the grounds upon which reconsideration is being requested, and be accompanied by relevant evidence not previously submitted, such as medical reports or affidavits, or a legal argument not previously made. Your request for reconsideration and the new evidence you are submitting should be sent to the District Office at the address which appears on the accompanying letter. In order to ensure that you receive an independent evaluation of the evidence, your case will be reconsidered by persons other than those who made this determination.

APPEAL: If you believe that all available evidence has been submitted, you have the right to appeal to the Employees' Compensation Appeals Board, 200 Constitution Avenue, N.W., Room N-2609, Washington, D. C. 20210. If you should request a hearing or reconsideration by the Office of Workers' Compensation Programs as indicated above, the 90 day period within which you may request review by the Appeals Board will run from the date of any later decision by the OWCP. For good cause shown, the Appeals Board may waive the failure to file within 90 days if application is made within one year from the date of the decision being appealed.

~~U.S. DEPARTMENT OF LABOR~~ ~~EMPLOYMENT STANDARDS ADMIN~~

PROGRAM: BP060D ACTIVE FORMATTED BILL PAYMENT HISTORY REQUEST

TOTAL AMT PAID = 22,568.29 CNSLT =

PRINTED IN U.S.A.

FORM 1411-2G-0

RATION FEDERAL EMPLOYEES' COMPENSATION SYSTEM

ON 08/12/2001 BY CHICAGO PAGE NO. 2

T/ZIP: 411276915/MINNESOTA LUNG CENTER LTD 01/MN/55407
BYPASS CODE: AUTH OFF: RESOLVER ID: IRS LEVY:
/1998 PAID: 12/31/1998 ADJ: / / OPER ID: CHRIS
20/MN/55432 BILL NO: INVOICE: N 15873681 P-PMT: N
47.00 DST NO: 10 PAY/CASE/FM/TO: /

T/ZIP: 411485985/FAMILY PHARMACY 01/MN/55767
BYPASS CODE: AUTH OFF: RESOLVER ID: MARILYN IRS LEVY:
/1998 PAID: 12/17/1998 ADJ: / / OPER ID: CARLOS
/ / NDC NO: 00364046102 INVOICE: N TIMOTHY P-PMT: N
7.30 DST NO: 10 PAY/CASE/FM/TO: /

T/ZIP: 411485985/FAMILY PHARMACY 01/MN/55767
BYPASS CODE: AUTH OFF: RESOLVER ID: MARILYN IRS LEVY:
1998 PAID: 12/17/1998 ADJ: / / OPER ID: CARLOS
/ / NDC NO: 50111085101 INVOICE: N TIMOTHY P-PMT: N
62.05 DST NO: 10 PAY/CASE/FM/TO: /

/ZIP: 411485985/FAMILY PHARMACY 01/MN/55767
YPASS CODE: AUTH OFF: RESOLVER ID: MARILYN IRS LEVY:
1998 PAID: 12/17/1998 ADJ: / / OPER ID: CARLOS
/ / NDC NO: 00173049500 INVOICE: N TIMOTHY P-PMT: N
87.55 DST NO: 10 PAY/CASE/FM/TO: /

/ZIP: 411485985/FAMILY PHARMACY 01/MN/55767
YPASS CODE: AUTH OFF: RESOLVER ID: MARILYN IRS LEVY:
1998 PAID: 12/17/1998 ADJ: / / OPER ID: CARLOS
/ / NDC NO: 00173046400 INVOICE: N TIMOTHY P-PMT: N
62.00 DST NO: 10 PAY/CASE/FM/TO: /

/ZIP: 411485985/FAMILY PHARMACY 01/MN/55767
/PASS CODE: AUTH OFF: RESOLVER ID: MARILYN IRS LEVY:
1998 PAID: 12/17/1998 ADJ: / / OPER ID: CARLOS
/ / NDC NO: 00089081521 INVOICE: N TIMOTHY P-PMT: N
44.75 DST NO: 10 PAY/CASE/FM/TO: /

0.00 OTHER = 2,635.84

Case#: 100478170 Claimant: GHMKHDT, TIMOTHY L

SSN: 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 Status: DR 06/06/2001 Examiner: P11

Ok? Y PRMS: N Tracked: N QCM: N Recur #: 00

Wage Earning Capacity -- CA Form 816 (Automated)

| | | | |
|---|---|---|---|
| Item 1: | PAY RATE WHEN COMPENSABLE DISABILITY RECURRED | 02/22/1999 | $ 657.6 |
| Item 2: | CURRENT PAY RATE FOR JOB AND STEP WHEN INJURED: | | $ 713.0 |
| Item 3: | CLAIMANT HAS EARNED | | $ 604.0 |
| Item 4: | WEC PERCENTAGE (Item 3 / Item 2) = | 85 % | |
| Item 5: | WEC AMOUNT (Item 4 X Item 1) | | $ 558.9 |
| Item 6: | WEC LOSS (Item 1 - Item 5) | | $ 98.6 |
| Item 7: | COMPENSATION RATE = ITEM 6 x 3/4 | | $ 73.9 |
| Item 8: | EFFECTIVE CPI DATE: 02/22/2000 | | |
| Item 9: | WEEKLY AWARD | | $ 78.5 |
| | 4 WEEK COMPENSATION | | $ 314.0 |

DISTRIBUTION NAME OR LOCATION [redacted]

REMARKS 1)
2)
3)

Original WP 5.1 Version
This case can also be found at 330 N.J. Super. 225.

---

NOT FOR PUBLICATION WITHOUT THE

APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-859-99T2F

ESTATE OF JAN VIDA, Decedent,
through its Administrator Ad
Prosequendum, SUZANA KESCIOVA,

Plaintiff-Appellant,

vs.

THE CITY OF GARFIELD, THE CITY
OF GARFIELD POLICE DEPARTMENT,
OFFICER SAMUEL D. SACCO, OFFICER
WILLIAM BIELECKI, OFFICER KEITH
HICKS, OFFICER DENNIS LANARES,
DEFENSE TECHNOLOGIES CORPORATION
OF AMERICA, AND MACE SECURITY
INTERNATIONAL, INC.,

Defendants-Respondents.

Submitted: March 21, 2000 - Decided: April 19, 2000

Before Judges Muir, Jr., Cuff and Lesemann.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County.

Thomas L. Ferro, attorney for appellant (Nancy C. Ferro, on the brief).

Hurley & Vasios, attorneys for respondent Defense Technology Corporation of America (Patrick J. Sweeney, on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

We granted leave to appeal to determine whether dismissal of plaintiff's complaint against the substituted John Doe defendant, Defense Technologies Corporation of America (Defense) was

warranted. The motion judge granted Defense's motion to dismiss on statute of limitations grounds following amendment of the complaint to substitute Defense for a John Doe defendant after expiration of the statute of limitations but under circumstances where the substituted defendant had received actual notice of the complaint before expiration of the statute of limitations. We reverse.

On August 23, 1996, Jan Vida died after the Garfield Police used pepper spray to subdue him. On December 2, 1997, a wrongful death action was commenced by Josef Vida, administrator ad prosequendum. The complaint named as defendants the City of Garfield, its police department, four police officers, Mace Security International, Inc. and fictitious individual and corporate defendants as allowed by R. 4:26-4. One of the fictitious defendants was described as the manufacturer or distributor of the pepper spray used on the decedent. Plaintiff alleged product defect in design and manufacture of the pepper spray, as well as failure to warn of the dangerous propensities of the spray.

On August 11, 1998, plaintiff's attorney learned the identity of the manufacturer and distributor of the pepper spray used on decedent. On that day, plaintiff's attorney forwarded a summons naming Defense and the complaint to Defense by certified mail. In his August 11, 1998 cover letter, plaintiff's counsel advised the president of Defense that "[y]our company is being sued in connection with the death of Jan Vida on August 23, 1996.... Your company is being substituted as a defendant for Mace International, Inc., since your company was the manufacturer of the pepper spray in question,.... The complaint will shortly be amended, via the 'John Doe' fictional defendants, to name your company as a defendant." Defense admits that it received the summons and complaint before August 23, 1998, the day the statute of limitations expired.

On December 21, 1998, plaintiff moved to amend the complaint to substitute Defense as a defendant. An order permitting the amendment was filed on January 8, 1999. The First Amended Complaint was filed on January 20, 1999. Defense filed its motion to dismiss and on September 2, 1999, an order was entered dismissing the amended complaint against Defense.

In his August 31, 1999, written opinion, the motion judge found that "plaintiff did not act with reasonable diligence to ascertain the correct identity of the manufacturer/distributer." He noted that the location of the canister was never in question and the identity of the manufacturer/distributer could have been easily ascertained by a physical inspection of the cannister. The motion judge also reasoned that plaintiff should have filed a motion to amend the complaint on an emergent basis once plaintiff learned the identity of the manufacturer/distributer. In addition, the motion judge found that Defense "would be prejudiced by being at risk for punitive damages that would not be covered by its insurance policy." Finally, the motion judge held that a wrongful death action must be commenced within two years of the death of plaintiff's decedent and service of a summons and an unamended complaint prior to the expiration of the limitations period did not satisfy the requirements of the Wrongful Death Act, N.J.S.A. 2A:31 1 to -5 or constitute substantial compliance with the filing requirement.

N.J.S.A. 2A:31-3 provides that a wrongful death action must be commenced within two years of the death of the decedent and not thereafter. This limitation period has been considered a substantive statute of limitations. Marshall v. Geo. M. Brewster & Son, Inc., 68 N.J. Super. 399, 403 (App. Div. 1961), rev'd on other grounds, 37 N.J. 176 (1962). A substantive statute of limitations conditions not only the remedy but also the right. Negron v. Llarena, 156 N.J. 296, 300 (1998); see 22A Am. Jur. 2d Death §§ 57, 76 (1988).

As a substantive statute of limitations, the limitation period of the Wrongful Death Act has been applied strictly. Kaczmarek v. New Jersey Turnpike Auth., 77 N.J. 329, 339 (1978); White v. Violent Crimes Compensation Bd., 76 N.J. 368, 374 (1978). On the other hand, the fictitious name practice allowed by R. 4:26-4 is permissible in a wrongful death action. Brown v. Kennedy Mem'l Hosp., 312 N.J. Super. 579, 587-88 (App. Div.), certif. denied, 156 N.J. 426 (1998). Moreover, the Court has also held that there is nothing in the terms of the Wrongful Death Act which precludes application of the doctrine of substantial compliance. Negron, supra, 156 N.J. at 304.

In Negron, decedent's administratrix ad prosequendum commenced a timely wrongful death action in the United States District Court for the Southern District of New York against Christ Hospital, which is located in Jersey City. Jurisdiction was predicated on diversity of citizenship. 28 U.S.C.A. §1332. The

matter was transferred to the federal court for the District of New Jersey. Soon thereafter, plaintiff filed a timely amended complaint naming two physicians, both residents of New Jersey. On November 28, 1994, the federal case was voluntarily dismissed due to lack of subject matter jurisdiction in the federal court.See footnote 1[1] On February 16, 1995, four years and three weeks after decedent's death and two years and three weeks after the expiration of the statute of limitations, the complaint was re-filed in the Law Division.

The Court rejected the argument that the action filed in the Law Division was time-barred. Justice Handler held that the doctrine of substantial compliance allows the flexible application of a statute in appropriate circumstances. Negron, supra, 156 N.J. at 304. Specifically addressing the facts in Negron, Justice Handler stated:

> In the circumstances of this case where an action, though later dismissed, was filed within the time prescribed by the statute of limitations, we can turn initially to that doctrine [substantial compliance] to determine whether the condition implicit in the statute of limitations may be deemed to have been satisfied and whether plaintiff's complaint was timely filed.
>
> [156 N.J. at 304].

Ultimately, the Court concluded that application of the doctrine of substantial compliance was appropriate because the filing in federal court was timely, the filing in the Law Division was shortly after the dismissal in federal court, and defendant was not prejudiced because the case had been investigated and actively defended since its filing in federal court. Defendant was undeniably informed of the nature and substance of plaintiff's claim. Id. at 305.

Applying the principles set forth in Negron, we conclude that the circumstances in this case warrant application of the doctrine of substantial compliance and require a reversal of the order dismissing the complaint against Defense. Statutes of limitations, whether substantive or procedural in nature, are designed to encourage the litigation of fresh complaints and to provide a defendant with prompt notice of a claim in order to prepare a defense to the claim. Ochs v. Federal Ins. Co., 90 N.J. 108, 112 (1982); Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 191 92 (1980); Staub v. Eastman Kodak Co., 320 N.J. Super. 34, 49-50 (App. Div.), certif. denied, 161 N.J. 334 (1999). That was accomplished in this case. Twelve days before the expiration of the statute of limitations, Defense was informed of the existence and nature of plaintiff's claim against it. Defense cannot claim prejudice due to plaintiff's failure to file the necessary motion to amend the complaint quicker than it did; it knew within the time required by statute of the claim. Furthermore, plaintiff's reliance on the efforts of the City's attorney to obtain the information concerning the identity of the manufacturer and distributor of the pepper spray was not altogether unreasonable. Both plaintiff and the City had an interest in identifying this party. Moreover, the information was received within the limitations period and plaintiff immediately took action to notify Defense of the existence of the claim. Under these unique circumstances, we hesitate to bar an action based on a technical defect. Negron, 156 N.J. at 305; Bernstein v. Board of Trustees of Teachers' Pension & Annuity Fund, 151 N.J. Super. 71, 78 (App. Div. 1977). The September 2, 1999 order dismissing the first amended complaint against Defense is reversed and the matter is remanded for further proceedings.

---

*Footnote: 1* [1]*The amendment of the complaint adding the individual physicians destroyed the complete diversity of citizenship required for subject matter jurisdiction. No other basis existed to support subject matter jurisdiction in the federal court.*

---

*This archive is a service of Rutgers School of Law - Camden.*

# NO. 98 TACTICAL CONTINUOUS DISCHARGE GRENADE CN, CS AND SMOKE

***The No. 98 is very compact and may be hand thrown or launched from a shotgun. It has an aluminum body with pelletized agent and M201A1 fuze. Irritant is discharged through one gas port on the bottom of the grenade. We recommend the No. 98 for outdoor use only.***

ANDY
THIS IS WHAT
I REMEMBER
AS THE GRENADE
USED ON 6-2-1998
Tom
Gammradt
01-28-2005



**APPLICATION:**
The No. 98's compact size allows for concealment, yet quick access for tactical situations.

**CONSTRUCTION:**
Aluminum body with pelletized agent and fuze.

**OPERATION:**
Irritant or smoke discharged through one (1) gas port on bottom of grenade. Due to pyrotechnic nature of grenade, it is recommended for outdoor use only.

**DESIGN FEATURES:**
**Diameter:** 1.4 inches (3.6 cm)
**Length:** 5 inches (12.7 cm)
**Agent weight:**
.09 ounces (26 grams) CN and CS
**Total Weight:**
6.0 ounces (168 grams) CN and CS
6.0 ounces (168 grams) SMOKE

**PERFORMANCE:**
**Effective range:** 90 yards (82 meters) when launched
**Discharge time:** 25 seconds

**REFERENCES:**
**CN:** Product Code 1015
**CS:** Product Code 1016
**SMOKE:** Product Code 1017

*Specifications Subject to change without notice.*

NO. 98 TACTICAL CONTINUOUS DISCHARGE GRENADE
CN, CS AND SMOKE

DEFENSE TECHNOLOGY CORP. OF AMERICA
P.O. BOX 240 - 2136 OIL DRIVE - CASPER, WYOMING, 82604-1511-U.S.A.
(800) 733-3832 - (307) 235-2136 - FAX (307) 473-2605

# No. 3 CONTINUOUS DISCHARGE GRENADE - CN, CS & SMOKE

## Product Specifications:

(Subject to change without notice. All specifications are averages.)

Diameter: .......................................... 2.3 inches (5.8 cm)
Length: .................... CN/CS ............. 5.5 inches (14 cm)
S ....................... 6.0 inches (15.2 cm)
Fuze Type: .......................................... M201A1
Discharge Time: ..... CN/CS ............. 30 - 40 seconds
S ....................... 1.5 - 2 minutes
Launchable: ......................................... Yes
Warranty: ........................................... 4 Years From Date of Mfg.

**Weights:**

Active Agent: .......... CN/CS ............. 2.7 oz. (76.5 grams)
Total Munition: ........ CN/CS ............. 14 oz. (400 grams)
S ....................... 26 oz. (740 grams)

## Shipping:

**1081-1082**
UN Number: ....................................... 1700 Tear Gas Candles
HAZ/COM Class: .............................. 6.1- 4.1
Explosive Content: ............................ 6 grams

**1083-2093**
UN Number: ....................................... 0303 Ammunition, Smoke
HAZ/COM Class: .............................. 1.4G
Explosive Content: ............................ 11 grams




3 CN 3 CS

## Product Codes:

| | | | |
|---|---|---|---|
| CN | 1081 | White Smoke | 1083 |
| CS | 1082 | Black Smoke | 2093 |

**Operation:** In the CN and CS configurations, pelletized chemical agent is discharged through four (4) gas ports located on top and one (1) on the base of the canister. In the Smoke configuration, smoke is discharged through four (4) gas ports located on top of the canister.

**Applications:** It is designed specifically for outdoor use in crowd control/civil disturbance situations. It should not be deployed onto rooftops, in crawl spaces or indoors due to its fire producing capability. Hand thrown (or launchable to 90 yards). Launching of grenades is excellent for keeping the deploying officers out of the range of hand thrown objects.

Affords very good coverage for large outdoor areas. When used in a CN or CS configuration, it is not recommended in areas where the oxygen level could be reduced to a level of less than 19.5%.

In the smoke configuration, it can be utilized as a carrying agent/multiplier for smaller CN or CS munitions or for concealing the movement of agency personnel. It may also be used as a distraction to focus attention away from other activities.

**Notes:** The No. 3 grenade is smaller in overall size and weight than the No. 2 grenade and is similar in design and function to the military M-8 grenades. It will not function in the older style "large" launching cups. This device is launchable from a 37/38 mm gas gun utilizing the No. 32 launching cup and the No. 36 launching cartridge or from a 12 gauge shotgun utilizing the No. 33 launching cup and the No. 35 launching cartridge. To be used only by trained law enforcement, corrections or military personnel.

# No. 98 TACTICAL CONTINUOUS DISCHARGE GRENADE CN, CS & SMOKE




## Product Specifications:

(Subject to change without notice. All specifications are averages.)

Diameter: ........................................1.4 inches (3.6 cm)
Length: ............................................4.75 inches (12 cm)
Fuze Type: .......................................M201A1
Discharge Time: .....CN/CS/S ..........20 - 25 seconds
Launchable: ......................................Yes
Warranty: .........................................4 Years From Date of Mfg.

### Weights:

Active Agent:..........CN/CS .............0.9 oz. (25.5 grams)
Total Munition:........CN/CS .............6.7 oz. (190 grams)
S......................6.5 oz. (185 grams)

## Shipping:

**1015-1016**
UN Number: .....................................1700 Tear Gas Candles
HAZ/COM Class:..............................6.1- 4.1
Explosive Content: ..........................6 grams

**1017**
UN Number: .....................................0303 Ammunition, Smoke
HAZ/COM Class:..............................1.4G
Explosive Content: ..........................6 grams

**Product Codes:** CN 1015 CS 1016 White Smoke 1017

**Operation:** Pelletized chemical agent or smoke is discharged through one (1) gas port on the bottom of the grenade.

**Applications:** Designed specifically for outdoor use in crowd control/civil disturbance situations. *Compact design allows for easy access and concealment.* It can be used in conjunction with other smoke grenades to limit the amount of agent dispersed. Hand thrown (or launchable to 120 yards). Launching of grenades is excellent for keeping deploying officers out of the range of hand thrown objects.

When utilized in the smoke configuration, this device works as an excellent wind direction indicator or signaling device. It <u>should not</u> be deployed onto rooftops, in crawl spaces or indoors due to its fire producing capability.

When used in a CN or CS configuration, it is not recommended in areas where the oxygen level could be reduced to a level of less than 19.5%.

**Notes:** This device is launchable from a 12 gauge shotgun utilizing the No. 100 launching cup/TKO stand-off and the No. 35 launching cartridge. When launching the No. 98, remove fuze assembly prior to launching (as the launching cartridge will ignite the device without the use of the fuze assembly). To be used only by trained law enforcement, corrections or military personnel.

U.S. DEPARTMENT OF LABOR
200 CONSTITUTION AVE. N.W.
OWCP ROOM C-3314
WASHINGTON DC 20210

**United States Department of Labor**
Division of Federal Employees' Compensation

# BENEFIT STATEMENT

TIMOTHY L GAMRADT
1079 EAST COUNTY RD 102
WRENSHALL MN 55797

US DEPT OF LABOR, OWCP
PO BOX 8300 - DISTRICT 10
LONDON, KY 40742-8300

| | | | |
|---|---|---|---|
| Case Number: | 10-0478170 | Gross Compensation: | 2,208.00 |
| Social Security Number: | 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 | Less Deductions: | 240.56 |
| Date of Injury: | 98/06/02 | Intermittent Hours Lost: | .00 |
| Pay Type: | 9 | Overpayments: | 1,131.35 |
| Check Date: | 05/01/22 | Other Payees: | .00 |
| Period Paid: 04/12/26 | To: 05/01/22 | Net Check Amount: | 836.09 |
| Pay Rate: | 657.63 | Agency Health Insurance Cost: | 554.18 |
| Comp Rate: | .7500 | Health Insurance Code: | 105 |
| Life Insurance | 14.80 | From: 04/12/26 To: | 05/01/22 |

# NOTICE TO RECIPIENTS

METHOD OF PAYMENT If you are receiving payment by electronic fund transfer (EFT), the payment shown above has already been made to your financial institution. Otherwise, the check is enclosed.

ADDRESS CHANGE If you move or otherwise change your mailing address or your check mailing address (such as a bank or credit union), advise OWCP right away in writing of the new address.

CORRESPONDENCE Include your OWCP file number on all letters you send to OWCP.

DEPENDENTS For recipients of payments for disability or schedule award (pay type 1 or 9, as shown above): If you have one or more dependents, you are entitled to compensation at the augmented rate of 75%, rather than 66 2/3 percent, of your pay rate. (Questions as to who qualifies as a dependent should be directed to the OWCP District Office handling your claim.) Events such as birth, death, marriage, divorce, separation, or youngest child reaching age 18 may affect your compensation and should be reported to OWCP right away.

EMPLOYMENT For recipients of payments for disability (pay type 1, as shown above): To avoid an overpayment of compensation, advise OWCP right away when you return to full-time or part-time work with either a government or private employer (including self-employment.) Return to OWCP any compensation checks received after you go back to work. State the full name and address of your employer; the date employment began; the rate of pay and number of hours worked per week; and a description of the employment.

SURVIVORS For recipients of payments for death benefits (pay type 7, as shown above): If it has not already done so, OWCP will advise you in detail of each survivor for whom death benefits are payable, and the percentage of salary payable for each. (Questions as to who qualifies as a survivor should be directed to the OWCP District Office handling your claim.) Events such as birth of a posthumous child, death, remarriage, or youngest child reaching age 18 may affect your compensation and should be reported to OWCP right away.

United States Treasury 15-51/000 P 905,529,984

Check No. 2049 26367697

01 22 05 69 PHILADELPHIA, PA

16150701 M1 OWCP ACPS 2110012205

Pay to the order of

TIMOTHY L GAMRADT
1079 EAST COUNTY RD 102
WRENSHALL MN 55797

$****836*09

VOID AFTER ONE YEAR

COMP FROM 12/26/2004 TO 01/22/2005
G01841004781 70

REGIONAL DISBURSING OFFICER

⑈20493⑈ ⑆000000518⑆ 263676974⑈ 010105

* M E D I C A L   E X P E N S E S     BGN DTE:10/01/2004 END DTE:01/26/2005

****************************************************************************************

FOR: GAMRADT, TIMOTHY
CARE OF: SMOKE INHALATION
1079 E. CO. RD. 102
GAMRTW WRENSHALL, MN 55797
Store LIC# - 2614902
Store DEA# - BF5623726
Birth Date - 10/26/1967
Social Security# - - -

FAMILY PHARMACY-SANDSTONE
204 LUNDORFF DRIVE
SANDSTONE, MN 55072
PHARMACIST - MARTICHUSKI
Store PH # - 320-245-5500
Provider # - 2422412
Pat. Sex - M
Medical Record# -

****************************************************************************************

| DATE | RX# | DRUG (ITEM) NAME | MFG# | QTY | PRESCRIBER | PRICE | PR TY |
|---|---|---|---|---|---|---|---|
| | N/R | NDC# | | D/S | DEA# | | GEN I |
| 10/22/04 | 16162698 | ADVAIR 500/50 DISK | | 60DIS | STANG,MARK | 205.12 | Rx |
| | REFILL | 00173-0697-00 | GLSMK | 20DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-16249070 | | |
| 10/22/04 | 16162698 | ADVAIR 500/50 DISK | | 60DIS | STANG,MARK | 198.85 | Rx |
| | NEW | 00173-0697-00 | GLSMK | 20DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 821804 | | |
| 10/22/04 | 16162696 | SINGULAIR 10MG TAB | | 30TAB | STANG,MARK | 90.56 | Rx |
| | REFILL | 00006-0117-54 | MERCK | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-16249072 | | |
| 10/22/04 | 16162696 | SINGULAIR 10MG TAB | | 30TAB | STANG,MARK | 88.11 | Rx |
| | NEW | 00006-0117-54 | MERCK | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 987878 | | |
| 10/22/04 | 16162694 | MAXAIR AUTOHALER 0 | | 14GM | STANG,MARK | 84.47 | Rx |
| | REFILL | 00089-0815-21 | RIKER | 7DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-16249081 | | |
| 10/22/04 | 16162694 | MAXAIR AUTOHALER 0 | | 14GM | STANG,MARK | 82.22 | Rx |
| | NEW | 00089-0815-21 | RIKER | 7DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 821837 | | |
| 10/28/04 | 16162695 | SPIRIVA HANDIHALER | | 30CAP | STANG,MARK | 132.05 | Rx |
| | NEW | 00597-0075-37 | BOEHR | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - | | |
| 11/29/04 | 16162698 | ADVAIR 500/50 DISK | | 60DIS | STANG,MARK | 205.12 | Rx |
| | REFILL | 00173-0697-00 | GLSMK | 20DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-16736289 | | |
| 11/29/04 | 16162696 | SINGULAIR 10MG TAB | | 30TAB | STANG,MARK | 90.56 | Rx |
| | REFILL | 00006-0117-54 | MERCK | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-16736293 | | |
| 11/29/04 | 16162695 | SPIRIVA HANDIHALER | | 30CAP | STANG,MARK | 110.00 | Rx |
| | REFILL | 00597-0075-37 | BOEHR | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-16736466 | | |
| 12/28/04 | 16162698 | ADVAIR 500/50 DISK | | 60DIS | STANG,MARK | 205.12 | Rx |
| | REFILL | 00173-0697-00 | GLSMK | 20DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-17110368 | | |
| 12/28/04 | 16162696 | SINGULAIR 10MG TAB | | 30TAB | STANG,MARK | 90.56 | Rx |
| | REFILL | 00006-0117-54 | MERCK | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-17110367 | | |
| 12/28/04 | 16162695 | SPIRIVA HANDIHALER | | 30CAP | STANG,MARK | 110.00 | Rx |
| | REFILL | 00597-0075-37 | BOEHR | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-17110366 | | |
| 01/26/05 | 16162698 | ADVAIR 500/50 DISK | | 60DIS | STANG,MARK | 205.12 | Rx |
| | REFILL | 00173-0697-00 | GLSMK | 20DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-17475317 | | |
| 01/26/05 | 16162696 | SINGULAIR 10MG TAB | | 30TAB | STANG,MARK | 90.56 | Rx |
| | REFILL | 00006-0117-54 | MERCK | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO | Policy# 475981143 | | | ECS Auth # - 1-17475314 | | |

* M E D [illegible] END DTE: [illegible]/2005

| | | | |
|---|---|---|---|
| FOR: | GAMRADT, TIMOTHY | | FAMILY PHARMACY-SANDSTONE |
| CARE OF: | SMOKE INHALATION | | 204 LUNDORFF DRIVE |
| | 1079 E. CO. RD. 102 | | SANDSTONE, MN 55072 |
| GAMRTW | WRENSHALL, | MN 55797 | PHARMACIST - MARTICHUSKI |
| Store LIC# - 2614902 | | | Store PH # - 320-245-5500 |
| Store DEA# - BF5623726 | | | Provider # - 2422412 |
| Birth Date - 10/26/1967 | | | Pat. Sex - M |
| Social Security# - - - | | | Medical Record# - |

| DATE | RX# / N/R | DRUG (ITEM) NAME / NDC# MFG# | QTY / D/S | PRESCRIBER / DEA# | PRICE | PR TYPE / GEN IND |
|---|---|---|---|---|---|---|
| 01/26/05 | 16162695 | SPIRIVA HANDIHALER | 30CAP | STANG, MARK | 110.00 | Rx |
| | REFILL | 00597-0075-37 BOEHR | 30DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO Policy# 475981143 | | | ECS Auth # - 1-17475312 | | |
| 01/26/05 | 16162694 | MAXAIR AUTOHALER 0 | 14GM | STANG, MARK | 84.47 | Rx |
| | REFILL | 00089-0815-21 RIKER | 7DAYS | BS3870765 | | BRAND |
| | Rx DAW Ind - NO Policy# 475981143 | | | ECS Auth # - 1-17475268 | | |

2182.89 TOTAL

CR: P11 10/10/2001 D : 06/02/1998

SSN: 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 St. cus: DR 06/06/2001 Examiner: P11

k? Y PRMS: N Tracked: N QCM: N Recur #: 00

Wage Earning Capacity -- CA Form 816 (Automated)

| CPI DATE | CPI INCREASE PER WEEK | ROUNDED COMP | MAX COMP | EFF DATE |
|---|---|---|---|---|
| | *** INITIAL COMP RATE *** | $ 73.99 | | 02/22/1999 |
| 03/01/2000 | 2.7% X $ 73.99 = $ 2.00 | $ 76.00 | | 03/01/2000 |
| 03/01/2001 | 3.4% X $ 76.00 = $ 2.58 | $ 78.50 | | 03/01/2001 |

USE ARROW KEYS/PG UP/PG DN TO SCROLL -- ESC TO RETURN TO WEC SCREEN

# Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

**Employee: Please complete all boxes 1 - 15 below. Do not complete shaded areas.**
**Witness: Complete bottom section 16.**
**Employing Agency (Supervisor or Compensation Specialist): Complete shaded boxes a, b, and c.**

**Employee Data**

1. Name of employee (Last, First, Middle): GAMRADT, TIMOTHY LEE
2. Social Security Number: 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
3. Date of birth Mo. Day Yr.: 10 26 67
4. Sex: [X] Male [ ] Female
5. Home telephone: (320) 838-3693
6. Grade as of date of injury: Level 7 Step 5
7. Employee's home mailing address (Include city, state, and ZIP code): 6243 CLARK ROAD ASKOV, MN. 55704
8. Dependents: [X] Wife, Husband [ ] Children under 18 yea[rs] [X] Other WIFE PREG.

**Description of Injury**

9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine): F.P.C. - DULUTH
10. Date injury occurred Mo. Day Yr.: 6 2 98 Time: 1:00 [ ] a.m. [X] p.m.
11. Date of this notice Mo. Day Yr.: 6 4 98
12. Employee's occupation: CORRECTONAL OFFICER
13. Cause of injury (Describe what happened and why): INHALATION OF "BLACK SMOKE MIX" MANUFACTURED BY DEFENSE TECHNOLOGY CORPORATION OF AMERICA (S.O.R.T. TRAINING)

a. Occupation code

14. Nature of injury (Identify both the injury and the part of body, e.g., fracture of left leg) SKIN IRRITATION SMOKE INHALATION - AREAS OF INJURY LUNGS, EYES, NASAL PASSAGES, THROAT, STOMACH ACHE, VOMITING, HEAD ACHE & CHILLS

b. Type code c. Source co[de]

OWCP Use - NOI Code

**Employee Signature**

15. I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

[X] a. Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584.

[ ] b. Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or to its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

**Signature of employee or person acting on his/her behalf** [signature] 6-4-98 **Date** 6-4-98

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensatio[n] as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or bot[h].

**Have your supervisor complete the receipt attached to this form and return it to you for your records.**

**Witness Statement**

16. Statement of witness (Describe what you saw, heard, or know about this injury)

Gamradt Exhibit 2
Date 2-25-03
NANETTE J. CORBETT, RDR
REGISTERED DIPLOMATE REPORTER

Name of witness | Signature of witness | Date signed

Address | City | State | ZIP Code

**Schneider Law Office**
P.O. Box 16
Duluth, Minnesota 55801-0016
218-391-4315
(Fax) 218-724-7841
*E-mail: schneiderlaw@charter.net*

April 1, 2005

Mr. Andrew Engebretson
Attorney at Law
5 North Third Avenue West, Ste 300
Duluth, MN 55802

RE: Gamradt v. Defense Technology Corp., et al.
Our File: 106.03

Dear Mr. Engebretson:

Enclosed herewith and served on you please find **Updated Rule 26 Disclosures of Defense Technology Corporation of America.**

Sincerely,

Steven W. Schneider

Enc.

cc: Charles B. Bateman

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

TIMOTHY GAMRADT and CARLA GAMRADT, husband and wife,

Plaintiffs,

vs.

FEDERAL LABORATORIES, INC., MACE SECURITIES INTERNATIONAL, and DEFENSE TECHNOLOGY CORPORATION OF AMERICA,

Defendants.

Case No. 02 CV 816 JMR/RLE

**Updated Rule 26 Disclosures**

Pursuant to Federal Rule of Civil Procedure 26 (a)(1), Defendant Defense Technology Corporation of America hereby makes the following Initial Disclosures:

**1. The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Plaintiffs Timothy and Carla Gamradt

**Federal Bureau of Prisons Employees**

| | |
|---|---|
| Donald Romine- | Warden, Sandstone Prison |
| Martha Jordan- | Warden, Duluth Prison |
| G.L. Hershberger- | Regional Director, Federal Bureau of Prisons |
| Capt. Inez Smith- | Sandstone Prison |
| Capt. Scott Hourigan- | Sandstone Prison |
| Lt. A.L. Baxter- | Sandstone Prison |
| DCT Team Members | |
| SORT Team members | |
| David Jensen- | This witness was identified by plaintiffs as a "prison employee" with information. No further information is available. |
| Bruce Panin- | This witness was identified by plaintiff as a "prison employee" with information. No further information is available. |
| William Morgan | Bureau of Prisons employee |
| Lt. Alan Glenn | Bureau of Prisons employee and SORT team member |

Duane Cisar — Bureau of Prisons employee and SORT team member

Other witnesses identified by plaintiffs in their Amended Rule 26 Disclosures.

Patricia R. Cangemi
Asst. U.S. Attorney
600 U.S. Courthouse
300 S. Fourth St.
Minneapolis, MN 55415

Daryl Kosiak
Regional Counsel
U.S. Dept. of Justice
400 State St., Tower II
Kansas City, KS 66101-2495

**Medical Providers**

Dr. Ieva M Grundmanis
Minnesota Lung Center
920 E. 28th St., #700
Minneapolis, MN 55407

Dr. Steven Baker
Duluth Clinic
4325 Grand Ave.
Duluth, MN 55807

Dr. Gerald Pitzel
Silver Lake Clinic
3900 Stinson Blvd. NE
Minneapolis, MN 55421

Dr. Joan M. Fox
Park Nicollet Clinic
Health Systems
2800 Park Nicollet Blvd.
Minneapolis, MN 55416

Other medical providers identified by plaintiffs.

Other staff and employees of the listed medical providers, whose identity is unknown at this time.

**Other Persons**

Paul Ford
Defense Technology Corp. of America
1855 South Loop
Casper, WY 82610

John Kapelis
Defense Technology Corp. of America
1855 South Loop
Casper, WY 82610

Deb Conley
Defense Technology Corp. of America
1855 South Loop
Casper, WY 82610

2. **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

| Document # | Date | Description |
|---|---|---|
| DTC001 | 1/18/01 | Letter from Engebretson to St. Paul Co. |
| DTC002 | 5/18/01 | Letter from Engebretson to St. Paul Co. |
| DTC004 | 5/12/01 | U.S. DOL payment history for Timothy Gamradt. |
| DTC027 | 2/99 | No. 3 Continuous Discharge Grenade CN, CS and Smoke Specifications. |
| DTC028 | 2/15/99 | MSDS for #3 Black Smoke. |
| DTC030 | 2/15/99 | MSDS for M201A1 Fuze. |
| DTC032 | | Warning Sheet for #3 Black Smoke Continuous Discharge Grenade. |
| DTC033 | 12/12/00 | Letter from Engebretson to St. Paul Co. |
| DTC034 | | Treatment for smoke exposure - #3 Black Smoke Canister. |
| DTC035 | 8/19/93 | MSDS for Pyrotechnic Smoke #2, #3. |
| DTC037 | 7/89 | MSDS for Black Smoke Mix. |
| DTC039 | 6/18/98 | Memorandum for Capt. Smith on June 2 SORT Scenario. |
| DTC040 | 2/99 | No. 2 Continuous Discharge Grenade CN, CS and Smoke. |
| DTC041 | 2/15/99 | MSDS for Pyrotechnic Smoke #2, #3. |
| DTC043 | | *Duplicate of DTC030.* |
| DTC045 | | Warning Sheet for No. 2S HC Smoke Continuous Discharge. |
| DTC046 | | *Duplicate of DTC027.* |
| DTC047 | | *Duplicate of DTC043.* |
| DTC049 | | *Duplicate of DTC030.* |
| DTC051 | | Warning Sheet for No. 3S HC Smoke Military Type Grenade Continuous Discharge. |
| DTC052 | 2/25/99 | Letter from Dr. Grundmanis to Dr. Baker. |
| DTC054 | | *Duplicate of DTC052.* |
| DTC056 | 7/17/98 | Letter from Dr. Grundmanis to Dr. Pitzl. |
| DTC059 | 8/26/98 | Letter from Dr. Grundmanis to Dr. Pitzl. |
| DTC071 | 10/28/99 | Letter from Dr. Grundmanis to Capt. Scott Hourigan. |
| DTC075 | 6/18/98 | Memorandum to Capt. Smith concerning SORT Training. |
| DTC076 | 117/00 | Web page printout concerning Defense Technology Corporation of America. |
| DTC077 | 10/24/00 | Letter from Engebretson to Defense Technology Corporation of America. |
| DTC082 | 7/22/98 | Memorandum from G.L. Hershberger to Donald Romine. |

| | | |
|---|---|---|
| DTC083 | 7/6/98 | Memorandum from Donald Romine to G.L. Hershberger. |
| DTC084 | 6/2/98 | After Action Report – Sandstone/Duluth Training Exercise. |
| DTC119 | 2/95 | Product Specifications for No. 3 Continuous Discharge Grenade – CN, CS & Smoke. |
| DTC120 | 11/88 | Product Specifications for No. 3 Continuous Discharge Grenade – CN, CS & Smoke. |
| DTC121 | 2/99 | Product Specifications for No. 3 Continuous Discharge Grenade – CN, CS & Smoke. |
| DTC122 | | *Duplicate of DTC028* . |
| DTC124 | | *Duplicate of DTC030.* |
| DTC126 | | *Duplicate of DTC032.* |
| DTC127 | 3/11/97 | U.S. DOT Classification of Explosives. |
| DTC129 | 6/6/02 | Letter from Engebretson to Bateman enclosing MSDS sheets. |
| DTC141 | | *Duplicate of DTC071.* |
| DTC143 | 3/25/99 | Letter from Dr. Grundmanis to Dr. Baker. |
| DTC145 | | Duplicate of DTC056. |
| DTC148 | | Duplicate of DTC059. |
| DTC155 | 3/1/01 | Letter from Dr. Grundmanis to Dr. Baker. |
| DTC159 | | Weekly Compensation Calculations. |
| DTC160 | | Excerpt from U.S. DOL Payment History. |
| DTC162 | | §2 Categories of Product Defect, Restatement of Torts, Third, Product Liability, received from Engebretson. |
| DTC163 | 11/2/01 | Letter from Cangemi to Engebretson. |
| DTC164 | 4/17/02 | Letter from Engebretson to Cangemi. |
| DTC166 | 5/2/02 | Letter from Cangemi to Engebretson. |
| DTC167 | 1/2/02 | Letter from Kosiak to Engebretson. |
| DTC169 | 8/23/96 | Redacted portions of an Asset Purchase Agreement among Armor Holdings, Inc., Defense Technology Corporation of America, a Delaware corporation, Robert Oliver and Sandra Oliver and Defense Technology Corporation of America, a Wyoming corporation – the entire document will not be produced under claims of confidentiality and protection of proprietary and trade secret information. |

Other documents relating to the 1996 Asset Purchase Agreement are being retrieved and will be separately identified.

3. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered.**

This category does not apply to Defendant Defense Technology Corporation of America.

4. **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

A copy of the insurance policy has been requested and will be available for inspection on receipt.

Dated: April 1, 2005.

**Schneider Law Office**

Steven W. Schneider #130795
*Attorney for Defense Technology Corporation of America*
P.O. Box 16
Duluth, MN 55801-0016
218.391.4315
218.724.7841 (Fax)

and

**REYELTS LEIGHTON BATEMAN HYLDEN & STURDEVANT, Ltd.**
Charles B. Bateman #135343
332 West Superior Street
700 Providence Building
Duluth, MN 55802-1801
(218) 727-6833