Please file & docket

RECEIVED AUG 17 2005

**Schneider Law Office**
P.O. Box 16
Duluth, Minnesota 55801-0016
218-391-4315
(Fax) 218-724-7841
*E-mail: schneiderlaw@charter.net*

August 17, 2005

Hon. Raymond L. Erickson
U.S. Magistrate Judge
U.S. District Court
515 West First Street, Rm 412
Duluth, MN 55802

RE: Court File 02 CV 816 JMR/RLE
Gamradt v. Defense Technology Corp., et al.
Our File: 106.03

Dear Magistrate Judge Erickson:

This letter follows my conversation of this morning with Vicki Miller. At her suggestion, I am submitting this letter as evidence of good cause for supporting a stipulation to change the discovery deadlines in this matter.

You may recall that this lawsuit involves an inhalation injury where Mr. Gamradt inhaled smoke from a black smoke grenade while on a training exercise for the Bureau of Prisons. Critical testimony about the training and use of those devices was needed from the Bureau of Prisons, and that required a separate lawsuit. Even with the agreement of the Bureau of Prisons, scheduling those depositions was no easy task. We took the depositions of two individuals on June 29, 2005. One of them, William Morgan, testified that the only two smoke grenades available to Bureau of Prisons personnel on the day of the accident were those listed on Material Safety Data Sheets that had been provided to us previously. Mr. Morgan indicated that he had no way of identifying the manufacturer of the smoke grenade used at the time of the accident. This was a change from prior testimony and began an inquiry that creates our current problem.

The two MSDSs supplied by the federal government are for a Federal Laboratories black smoke grenade and a Defense Technology No. 3 pyrotechnic smoke grenade. I visited my clients in Wyoming last week to review the documentation available and discovered that the Defense Technology MSDS is for a product that does not emit black smoke. Rather, the smoke emitted is gray. In addition, it is manufactured in a way that does not meet the description of the canister supplied by witnesses on the scene, including Mr. Gamradt. There is a separate MSDS for a Defense Technology product that emits black smoke, but plaintiffs, Defense Technology, and the Bureau of Prisons have not been able to unearth any documentation that provides evidence whether or not Defense Technology sold that device to the Bureau of Prisons at Sandstone. All documents have been destroyed through inadvertence or regular document destruction policies.

The clear testimony of Mr. Gamradt and other witnesses is that the device that was used at the time of the accident did not have any warning label on it. As a part of my inquiry, I was able to view the labeling process at Defense Technology. I discovered that the process is a single operation that puts all labeling information on the canister. We have developed documentation

SCANNED AUG 18 2005 U.S. DISTRICT COURT DULUTH

that shows that all Defense Technology smoke canisters contain warnings against indoor use. This is new information that is contrary to certain testimony and is obviously a critical part of plaintiffs' case. Responding to this new information may require additional witnesses and testimony.

As you might expect, some of the Bureau of Prisons employees have moved around since 1998. One witness was located in Pennsylvania and due to travel restrictions within the federal government and Mr. Engebretson's travel difficulties, we have been unable to take that deposition. This new information, of course, affects what questions might be asked of that particular witness.

We also located the person who everyone believed was the author of the After Action Report that is the central document in this case. That After Action Report does not contain a signature. My conversation with Captain Smith indicates that she would never have authored an After Action Report that did not contain either a cover memo describing the report and containing her signature or a signature page at the end of the report with her signature. The document has neither, and Captain Smith is unwilling to authenticate the document as her work product. Obviously, this will require additional investigation and may require a Freedom of Information Act request to determine the authenticity of a document that is central to both parties. The evidentiary issue created is very significant for questions of liability.

Finally, the parties initially received information that suggested the previous parties, Mace Securities and Federal Laboratories, had never produced smoke canisters that met the description offered by Mr. Gamradt or were in any way similar to the description offered by Mr. Gamradt. Through a corporate acquisition, my clients came into possession of some old product catalogs from Federal Laboratories. It turns out that there are product descriptions and illustrations indicating that Federal Laboratories did, in fact, manufacture a smoke canister with many of the characteristics described by Mr. Gamradt. The matter is further complicated by the fact that one of the Material Safety Data Sheets supplied by the federal government is for a Federal Laboratories black smoke grenade. Because of this, Mr. Gamradt may need to ask the Court to revisit the question of the dismissal of Federal Laboratories from this lawsuit. This is probably one of the first orders of business and will probably necessitate additional adjustments in discovery if Federal Laboratories is successfully returned to this case.

As noted, the purpose of this letter is to describe good cause for the request for an extension of the deadlines in your pretrial order of March 2005. I understand from Vicki Miller that you are available tomorrow at 11:30 for a conference call, and Mr. Engebretson and I will be on the phone at that time to answer any questions you might have and receive your thoughts on this matter.

Thank you very much for your attention.

Sincerely yours,

Steven W. Schneider

SWS:k
c: Andrew Engebretson
Charles B. Bateman