UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---

Timothy Gamradt and Carla Gamradt,

Plaintiffs,

v.

Federal Laboratories, Inc.,
Mace Securities International,
and Defense Technology Corporation
of America,

Defendants.

**MEMORANDUM IN OPPOSITION TO MOTION OF DEFENDANT FOR SUMMARY JUDGMENT**

Case No. 02-816

---

This memorandum is submitted in opposition to the motion of the Defendant for summary judgment.

Defendant has raised three points on which it asserts it is entitled to summary judgment:

a. That the identification of the manufacturer of the smoke grenade in question by Plaintiff is insufficient as a matter of law.
b. That there has been no defacto merger of the "Wyoming" Corporation and the "Delaware" Corporation.
c. That Plaintiffs doctor is not qualified as an expert to give an opinion as to whether the canister should bear any warnings.

## DISCUSSION

A. Identification of the canister.

In addition to the testimony of Timothy Gamradt, a fellow guard, Duane Cisar, has identified the picture of the canister shown in Def Tech's catalog as a picture of the canister in question. Affidavit of Andrew Engebretson to which is attached to the deposition testimony of Duane Cisar at pages 5, 6 & 7 of his deposition and deposition Exhibits 1 & 2.

Moreover, there is no showing by affidavit or otherwise that whatever was shown to Timothy Gamradt is the same artifact depicted at Cisar deposition Exhibit 2.

Identification of the manufacturer of the canister remains a fact issue and summary judgment should not be granted on this point.

B. Whether there has been a defacto merger.

This issue has been before the Court before and the Defendant did not raise the matter of the escrowed common stock.

Under the doctrine of the law of the case, Defendant should not be able to raise this issue at this stage, since forfeiture of the escrowed stock took place long before the last time this matter was before the Court.

Moreover, it appears at page 1 of Defendant's Exhibit 2 that 270,728 shares of common stock were escrowed but the Settlement and Release Agreement called for a buy back of just 84,705 shares of AHI stock, so the Oliver's (the parties "in interest" of the "Wyoming" Corporation) Defendant's Exhibit 4 at page 2 must have gotten the rest.

The status of the escrowed shares cannot be the basis for a summary judgment.

C. Dr. Mulroney's opinion.

At page 37 of his deposition lines 21-25 and at page 38, line 1, Dr. Mulroney testified in substance that as one of Mr. Gamradt's treating physicians his opinion reflects his feeling that one should be cautioned with such a product (the black smoke) not to discharge it in such a manner (indoors).

Defendant's quarrel here is that Dr. Mulroney is not an expert in warning labels but does a doctor need to have a degree in botany in order to tell people to stay out of the poison ivy?

It is obvious from the submissions in this case, both on this and the previous motion that the black smoke is something highly dangerous to inhale.

One hardly needs an expert here to state the obvious – that these black smoke grenades should never be deployed indoors in the presence of human beings.

**CONCLUSION**

Defendant's motion for summary judgment should in all things be denied.

Dated: 4.28.06

Respectfully Submitted,

Andrew Engebretson, No. 16797
Attorney at Law
300 Beal Building
5 North Third Avenue West
Duluth, MN 55802
(218) 786-0565

**ATTORNEY FOR PLAINTIFF**