UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Timothy and Carla Gamradt,

Plaintiffs,

vs.

Defense Technology Corporation
of America,

Defendant. Civ. No. 02-816 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Defendant's informal Motion to Modify the Pretrial Order. A Hearing on the Motion was conducted on July 14, 2008, at which time, the Plaintiffs appeared by Joseph F. Lyons-Leoni, Esq., and the Defendant appeared by Steven W. Schneider, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, we grant the Defendant's Motion, in part.

The requirements of Rule 16(b), Federal Rules of Civil Procedure, have been summarized as follows:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mentioning therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., [178 F.R.D. 523], at 525 [(D. Minn. 1998)].

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).

As was expressed, in Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994):

> A scheduling order is an important tool in controlling litigation. Jochims v. Isuzu Motors, Ltd., 145 F.R.D. 507, 510 (S.D. Iowa 1992). A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

> Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). Scheduling Orders have become increasingly critical to the district court's case management responsibilities because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars." Id.

The Court also noted that "the flouting of discovery deadlines causes substantial harm to the judicial system." Id., citing Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990). Accordingly, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American S.S. Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, supra at 1199.

Here, the Defendant first seeks an additional thirty (30) days to make its expert disclosures. The deadline for the Defendant's expert disclosures was July 15, 2008, see, Docket No. 107, but the Defendant advises that his experts require additional time to respond to new issues, which were identified by the Plaintiffs' experts.

As we have previously noted, Rule 16, Federal Rules of Civil Procedure, "permits the district court * * * to impose sanctions on a party for failing to meet a deadline." Firefighter's Institute For Racial Equality v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001). In such an instance, Rule

16 is buttressed by the sanctions imposed by Rule 37(c)(1), Federal Rules of Civil Procedure, which requires exclusion of an expert's opinion if disclosures are not timely made. As we have previously noted, on multiple occasions:

> While sanctions under Rule 37(c)(1) are mandatory * * * exclusion of evidence should not apply if the offending party's failure was 'substantially justified,' or if the failure was 'harmless.'" Transclean Corp. v. Bridgewood Services, Inc., [77 F. Supp.2d 1045,] 1064 [(D. Minn. 1999)]. These exceptions to Rule 37(c)(1)'s imperative serve "to avoid unduly harsh penalties" that may result from an inflexible application of the Rule. Id., citing Rule 37(c), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1993 Amendments. In determining whether the automatic exclusion provisions of Rule 37(c)(1) should apply, the Court should consider the following four factors in assessing the substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure: 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and, 4) the availability of a continuance to cure such prejudice. See, Transclean Corp. v. Bridgewood Services, Inc., supra at 1064, citing Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Millen v. Mayo Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996); see also, Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997).

<u>North Star Mutual Ins. Co. v. Zurich Ins Co.</u>, supra at 1145, quoting <u>Transclean Corp. v. Bridgewood Servs., Inc.</u>, 101 F. Supp.2d 788, 795-96 (D. Minn. 2000); see also, <u>Newpak, Inc. v. Ideal Mfg. Sales Corp.</u>, 168 F. Supp.2d 1012, 1016 (D. Minn. 2001);

3M Innovative Properties, Co. v. Barton Nelson, Inc., 2004 WL 1774528 at *5 (D. Minn., August 8, 2004); cf., Crump v. Versa Products, No. 03-2954/3098 [Slip Opinion], at p. 8 (8th Cir., March 18, 2005).

While, under the governing law, we could exclude the Defendant's expert disclosures as untimely, when its "failure to meet a deadline was either harmless or substantially justified," we need not do so. Firefighters' Institute For Racial Equality v. City of St. Louis, supra at 902. Given the Defendant's explanation for its request, and given the Plaintiffs' representation, that they have no objection to allowing the Defendant an additional thirty (30) days to make its expert disclosures, we find good cause to extend that deadline. Accordingly, the Defendant shall make its expert disclosures **by no later than August 15, 2008**.

The Defendant also seeks leave to take several additional depositions. Although discovery closed in this matter, on April 7, 2008, see, Docket No. 105, the Defendant advised that, on April 29, 2008, the Plaintiffs designated several additional factual witnesses, who were not deposed during the discovery period. Although the Defendant was previously aware that those individuals were potential witnesses, prior to April 29, 2008, the Plaintiffs had not informed the Defendant of their intention to call those individuals as witnesses. In addition, the Plaintiffs' former counsel had

advised the Defendant that those individuals were unavailable, even for informal discovery inquiries, given their status as Bureau of Prisons employees.

Given that the Defendant had no opportunity to depose the newly-designated witnesses, during discovery, we find good cause to permit the depositions of **three (3)** additional factual witnesses, by no later than **August 30, 2008**.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's expert disclosures shall be made on or before **August 15, 2008**.

2. That the Defendant may conduct **three (3)** additional factual depositions, by no later than **August 30, 2008**.

BY THE COURT:

Dated: July 17, 2008

s/Raymond L. Erickson

Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE